UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRYANT TAYLOR, | ) |
| Movant, | ) |
| v. | ) No. 4:25-CV-01248 HEA |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on movant's response to the Court's Order to Show Cause why his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should not be summarily dismissed. Having carefully reviewed movant's response, and for the reasons discussed below, the Court must dismiss this action as time-barred.

### Background

On March 10, 2022, movant plead guilty to possession of a firearm in furtherance of a drug trafficking crime, distribution of a mixture containing fentanyl and heroin and possession with intent to distribute fentanyl. *See United States v. Taylor,* No. 4:20-CR-00569 HEA (E.D. Mo. 2022). On June 16, 2022, this Court sentenced him to serve a total of 120 months' imprisonment, to be followed by 3 years of supervised release. *Id*. Movant sought direct review, and on November 3, 2022, the United States Court of Appeals for the Eighth Circuit affirmed this Court's judgment. *See United States v. Taylor,* No. 22-2344 (8th Cir. 2022). Movant did not file a petition for a writ of certiorari in the Supreme Court of the United States.

On July 24, 2025[1] movant filed the instant motion to vacate, set aside or correct sentence. [ECF No. 1]. On August 21, 2025, the Court reviewed the motion and determined it appeared to be time-barred under the one-year period of limitation pursuant to 28 U.S.C. § 2255(f)(1).

A judgment of conviction becomes "final" when direct review concludes. *See Camacho v. Hobbs,* 774 F.3d 931, 933 (8th Cir. 2015). Where, as here, the movant sought direct review but did not file a petition for writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). In this case, the Court of Appeals affirmed the District Court's judgment on November 3, 2022, and movant did not file a petition for a writ of certiorari. Therefore, judgment became final for purposes of § 2255(f)(1) on February 1, 2023, and movant had one year from that date to file a § 2255 motion, or by February 1, 2024. However, movant did not file the instant motion until he placed it in the prison mail system on July 24, 2025, making his motion to vacate approximately 539 days late.

Within his motion to vacate, movant acknowledges his untimeliness, however, he asserts that he originally filed a prior § 2255 with this Court in October of 2023. Movant states in the motion that he wrote to the Court in early 2025 and found that there was no record of a prior motion to vacate having been filed in this Court.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.* Consequently, the Court issued an order directing movant to show cause as to why his motion to

---

[1] Applying the prison mailbox rule, *Moore v. U.S.,* 173 F.3d 1131, 1135 (8th Cir. 1999), the Court determines the motion to have been filed on July 24, 2025, the date movant mailed it.

2

vacate should not be dismissed as time-barred. [ECF No. 2]. In its Order to Show Cause, the Court explained that although it had a record of movant inquiring on April 28, 2025, in his criminal action, as to whether an original § 2255 had been filed, there was no § 2255 to "relate" back to for the purposes of Federal Rule of Civil Procedure 15(c)(1), as the Court had no record of movant's prior filing.

## Discussion

On September 2, 2025, movant filed a response to the Order to Show Cause. [ECF No. 3]. Movant asserts the following:

> On or about October 2023, I completed my § 2255 motion and submitted it in the inmate mail system at FCI Greenville, with the intention that it be mailed to the Court. I relied in good faith on the prison mail system, as I have no access to outside mail services.
>
> . . .
>
> When I received no response from the Court, I wrote to inquire about the status of my motion. I was informed that no such motion was on file. I again wrote to the Court, explaining my efforts and the timely submission. The Court responded by sending a blank § 2255 form, instructing me to resubmit my motion.
>
> . . .
>
> Before I could mail the new motion, FCI Greenville went on an administrative lockdown after a powdery substance was sent through the inmate mail system and the mail room staff member, a BOP employee, was hospitalized. As a result, all inmate mail including legal mail was suspended for a significant period. I had no ability to control or circumvent this situation.
>
> . . .
>
> As soon as the mail service resumed, I completed and mailed my § 2255 motion using certified mail to ensure its delivery. Nevertheless, by the time it reached the Court, the statutory one-year deadline had elapsed.

[ECF No. 3 at 1-2]. Movant seeks application of both equitable tolling and the prison mailbox rule.

3

The Eighth Circuit has held that the one-year limitations period for § 2255 motions may be equitably tolled where "'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *United States v. Martin*, 408 F.3d 1089, 1092-93 (8th Cir. 2005). For equitable tolling to apply, a prisoner must show that: (1) extraordinary circumstances prevented him from timely filing; and (2) he was diligent in pursuing the § 2255 motion. *Id*. at 1093-95. Equitable tolling is an "exceedingly narrow window for relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005) (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). "The use of equitable procedures to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009). The burden is on the movant to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

As to the first prong, the diligence that is required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018). With regard to the second prong, there must be an extraordinary circumstance that is beyond the prisoner's control, and which rises above "a garden variety claim of excusable neglect." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). This extraordinary circumstance must have made it impossible for the prisoner to file a petition in time. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

The Eighth Circuit Court of Appeals has considered two cases in which somewhat similar arguments against untimeliness were raised. *See Chachanko v. United States*, 935 F.3d 627 (2019), and *Muhammad v. United States*, 735 F.3d 812 (8th Cir. 2013). In *Chachanko,* a South Dakota prisoner sought review of his criminal case under the Supreme Court case of *Johnson v. United States*, 576 U.S. 591 (2015), which was decided on June 26, 2015. *See Chachanko*, 935 F.3d at

4

627. Chachanko resided in a special housing unit (SHU) from March 2015 to March 2017. *Id.* at 628. In April 2016, believing that *Johnson* invalidated his sentence, he wrote to the public defender's office asking for "some information and paperwork so [he] could file before the June deadline." *Id.* at 629. The public defender's office wrote back on May 2, 2016, stating it was reviewing potential *Johnson* claims, and "[i]f we conclude that you are eligible, we will file an appropriate motion to reduce your sentence within one year of the *Johnson* decision which is the deadline to file. If we find that you are not, we will let you know." On June 15, 2016, the public defender's office wrote Chachanko a letter informing him that he was ineligible for relief under *Johnson* "because recent Eighth Circuit case law has held that a Hobbs Act robbery is a crime of violence under the force clause of 924(c)." *Id*. The letter stated that the public defender's office would "not file any motion seeking to reduce your sentence as a result." The letter included instructions "on how to file your own 2255" if "you disagree with our conclusion." Unfortunately, Chachanko did not receive the letter, and it was returned to the public defender's office unopened. He finally spoke with a public defender in August 2016, after the one-year *Johnson* deadline. The attorney informed him that the June letter had been returned unopened, and the public defender had not filed a § 2255 petition on his behalf. *Id.*

In April 2017—a month after his release from the SHU and almost a year after the statute of limitations for his *Johnson* claim expired—Chachanko filed a pro se letter seeking § 2255 relief. In July 2017, through appointed counsel, he filed a § 2255 motion. The district court denied the motion as untimely, ruling "Chachanko has failed to show that he diligently pursued his rights." It found that he "did nothing between June 27, 2016, and August 24, 2016, such as contact the court to check on the status of his claim," and that he did not take "any steps ... to pursue his claim in the 233 days—or more than seven months—that passed between August 24, 2016, when

Chachanko first learned that the FPD had not filed a motion to reduce his sentence, and April 13, 2017, when Chachanko filed his pro se motion to reduce his sentence." *Chachanko v. United States,* No. 5:17-CV-05029-KES, 2018 WL 3222515, *5 (D. S.D. June 28, 2018). Chachanko appealed the decision to the Eighth Circuit, which reviewed his equitable tolling argument.

The Eighth Circuit found that Chachanko could not show extraordinary circumstances or that he was reasonably diligent in pursuing his claims. *Chachanko,* 935 F.3d at 630. Neither Chachanko's five-month confinement in the SHU nor the fact that he did not receive the public defender's letter regarding representation could warrant extraordinary circumstances. *Id.* In addition, the Eighth Circuit held that even if Chachanko could show extraordinary circumstances, he could not show that he had been diligent in pursuing his rights.[2]

The Eighth Circuit explained:

> Reasonable diligence exists where a petitioner "writes letters to his attorney asking her to file a habeas petition, contacts the court to learn about the status of his case, seeks to have his attorney removed for failure to pursue his case, and files a pro se petition the very day he learns it is late." *Williams v. Kelley*, 830 F.3d 770, 773 (8th Cir. 2016), citing *Holland v. Florida*, 560 U.S. at 653, 130 S. Ct. 2549. "In contrast, a petitioner does not act diligently when," as here, "he simply assumes that his attorney is working on his case." *Id.* Like the petitioners in *Muhammad* and *Kelley,* Chachanko "did nothing to monitor the status of his case" including trying to contact the court, "an action that certainly would fall under 'reasonable diligence.'" *Muhammad*, 735 F.3d at 817. Also like the petitioner in *Muhammad*, "he did not file the section 2255 motion immediately" upon learning the deadline was missed. *Id.*

---

[2]The Eighth Circuit compared the *Chachanko* case to *United States v. Muhammad*, 735 F.3d 812 (8th Cir. 2013). In that case, the defendant argued that his § 2255 filing was late, in part, because of his confinement in a SHU. Like Chachanko, Muhammad also argued "he mistakenly relied upon his attorney's assertion that she would file a section 2255 motion on his behalf." *Muhammad,* 735 F.3d at 815. In *Muhammad*, the Eighth Circuit affirmed the denial of the § 2255 motion. First, the Court of Appeals held that "Muhammad's five-month confinement in the Special Housing Unit [did] not constitute an extraordinary circumstance warranting the application of equitable tolling." *Id.* Next, it held that Muhammad's allegations against his attorney did not show extraordinary circumstances even though she "initially stated she would file the section 2255 motion on his behalf and then quit communicating with him." *Id.* at 816. Rather, the Court of Appeals noted that the attorney did not lie about deadlines, tell Muhammad she would file a motion, fail to communicate critical information about his case, or withhold paperwork necessary to file the motion. *Id.*

6

*Chachanko*, 935 F.3d at 630.

In this case, movant has failed to allege that he followed up on his purported original § 2255 filing with the Court in April of 2023 in a timely manner. He does not allege that he wrote a letter, called or reached out in any way to find out if the Court received his motion to vacate within a reasonable time. Rather, he admits that it was not until approximately two years later, on April 28, 2025, that he followed up,[3] by which time, his one-year deadline (February 1, 2024) had long passed. Although movant states that at an undisclosed time period, his place of incarceration, FCI Greenville, was on "administrative lockdown" and "mail was [therefore] suspended," he fails to identify the dates this occurred or indicate how this interfered with the statute of limitations. Given these amorphous facts, the Court cannot say that movant is entitled to equitable tolling due to his failure to show a lack of reasonable diligence.

Because movant has not presented sufficient information to show his filing issues caused his late filing of the instant motion to vacate, movant is not entitled to equitable tolling. His motion will be denied and dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant Bryant Taylor's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [ECF No. 1] is **DENIED AND DISMISSED**, without prejudice, as time-barred under 28 U.S.C. § 2244(d)(1). A separate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

---

[3] This Court has evidence of his correspondence in his criminal case. *See* Docket No. 141.

**IT IS FURTHER ORDERED** that movant is **DENIED** a certificate of appealability if he appeals this Order of Dismissal.

Dated this 11th day of September, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE